IN THE UNITED STATES BANKUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| IN RE: MARY ALICE SIMMONS,<br>　　　Debtor.<br>_____<br>JOSEPH E. MITCHELL, III, TRUSTEE,<br>　　　Plaintiff,<br><br>v.<br><br>U.S. BANK TRUST, N.A. AS TRUSTEE<br>OF THE IGLOO SERIES III TRUST,<br>　　　Defendant. | Ch. 7 Case No.:  17-11470 |

**COMPLAINT TO DETERMINE THE EXTENT AND PRIORITY OF LIEN**

COMES NOW, Joseph E. Mitchell, III, Chapter 7 Trustee, and files his Complaint to Determine the Extent and Priority of Lien and states as follows,

**Jurisdiction and Venue**

1. Debtor commenced the instant Title 11 proceeding as a Chapter 13 case on September 29, 2017.  Said case was converted to a case under Chapter 7 on May 28, 2018.  Plaintiff is the duly appointed and acting Chapter 7 Trustee in the instant matter.

2. Defendant is a national bank with its principal offices located in Cincinnati, Ohio and may be served with summons and a copy of this Complaint by serving, **U.S. Bank, N.A., ATTN:  President, 425 Walnut Street, Cincinnati, Ohio  45202.**  Defendant is subject to the jurisdiction of this Court.

3. The instant proceeding involves a request for a determination of the extent and priority of a lien interest and therefore is a core proceeding.  Jurisdiction and venue are proper in this District and this Court.

**Facts**

4.      Included in the assets of the instant Chapter 7 estate are the Debtor's interests in certain real property known as 4941 McCombs Road, Hephzibah, Georgia 30906 (the "Property").

5.      Property was formerly owned by Debtor and her now-deceased husband, Preston P. Simmons, as joint tenants with rights of survivorship.  Upon the death of Mr. Simmons on January 17, 2009, Property became the sole property of the Debtor.

6.      On June 29, 2005, Preston P. Simmons and Debtor herein executed that certain Deed to Secure Debt dated June 29, 2005 in favor of Wachovia Bank, N.A. in the original principal amount of $80,504.00 which Deed to Secure Debt is recorded within the records of the Clerk of Superior Court of Richmond County, Georgia at Deed Book 1000, Page 960, et seq. (the "Security Deed").

7.      According to its terms, Security Deed grants a security interest and lien upon certain real property described as:

> All that certain property situated in the City of Hephzibah in the County of Richmond and State of **Virginia** (emphasis supplied) and being described in a deed dated 09/25/1992 and recorded 9/29/1992 in Book 398 Page 2383 among the land records of the County and State set forth above.
> Parcel Id Number:  353 0 017 00 0

("Security Deed Legal Description").  Security Deed Legal Description apparently describes a parcel of land located in the State of Virginia and described in a deed recorded within the State of Virginia.  Security Deed Legal Description does not describe Property as Property is not located in the State of Virginia.

8.      Security Deed was subsequently assigned and transferred to Defendant herein by Assignment recorded with the Clerk of Superior Court of Richmond County, Georgia at Deed Book 1599, page 2146 and thus Defendant herein is the present holder of Security Deed.

9. On April 16, 2014, Attorney Nomiki Klonaris, purportedly representing Wells Fargo Bank, N.A. as Successor by Merger to Wachovia, the then holder of Security Deed executed an "Affidavit in Support of Title" and recorded same within the real estate records of Richmond County, Georgia at Deed Book 1436, Page 265 (the "Title Affidavit").

10. Title Affidavit sets forth that Ms. Klonaris is over the age of 18, an attorney representing Wells Fargo, N.A. and that further, she has "personal knowledge of the facts contained herein they are true."

11. Title Affidavit then sets forth that Security Deed Legal Description is inaccurate and that what the parties (Wachovia, the Debtor and the then deceased Mr. Simmons) intended to do was to grant a security interest and lien in Property.

12. Security Deed was drafted by Defendant (or Defendant's predecessors in interest) and neither Debtor nor Mr. Simmons had any hand in drafting Security Deed.

13. Upon information and belief, the Debtor had no knowledge of, nor hand in the drafting or filing of Title Affidavit. Upon information and belief, the Debtor was never asked to assent to the filing of Title Affidavit and Ms. Klonaris never spoke or communicated with the Debtor regarding the contents of Title Affidavit.

14. Upon information and belief, Ms. Klonaris had no direct knowledge of (and never has had any direct knowledge of) what the parties (Mr. Simmons, the Debtor or Wachovia) intended or did not intended to do when Security Deed was executed. Further, at the time of the execution of Title Affidavit, Mr. Simmons was deceased (meaning that it was impossible for Ms. Klonaris to know what Mr. Simmons intent was). Accordingly, such Affidavit is false and made without proper foundation.

15. Upon information and belief, Ms. Klonaris had nothing to do with the closing of the transaction represented by Security Deed, was not present at such closing and had no contemporaneous communications with any person at all at the time Security Deed was signed by the Debtor and Mr. Simmons.

### Count One – Cancellation of Title Affidavit

16. Plaintiff incorporates fully the allegations contained in Paragraphs 1 through 15 of Plaintiff's Complaint as if though fully set forth herein.

17. Upon information and belief, Ms. Klonaris had no direct knowledge of the facts contained in Title Affidavit, other than what was contained in public records.

18. Upon information and belief, Ms. Klonaris had no knowledge or information regarding the intent of Debtor and Mr. Simmons in the execution of Security Deed.

19. As such Title Affidavit is false and made without a proper foundation, such Title Affidavit is due to be cancelled as an impermissible filing pursuant to O.C.G.A. § 44-2-20.

### Count Two – Determination of Extent and Priority of Lien

20. Plaintiff incorporates fully the allegations contained in Paragraphs 1 through 19 of Plaintiff's Complaint as if though fully set forth herein.

21. Security Deed Legal Description is legally fatal insomuch as it describes real property located in the State of Virginia and not Property.

22. Further, Title Affidavit can not and does not cure such fatality. O.C.G.A. § 44-2-20 provides for the filing of affidavits relating to land, however, such affidavits, filed pursuant to O.C.G.A. § 44-2-20 are "not conveyances or a legal proceeding by which one may attack the title to realty or cure a defect in the title." Kemp v. Neal, 288 Ga. 324 (2010). Such affidavits, filed pursuant to O.C.G.A. § 44-2-20, are "simply notice and evidence," Maxco v. Volpe, 247 Ga. 212

(1981) and "justice demands that there be some means of security a court order adjudicating whether the affidavit creates an issue as to the title to realty." Id.

23. The defect that exists in Security Deed may only cured by an equitable action to reform Security Deed, as provided for in O.C.G.A. § 23-2-25 *et seq.* for which there has been no such action. Without such adjudication, Title Affidavit alone is an impermissible attempt to cure the existing title defect.

23. As Security Deed is fatally deficient in its legal description, and such defect having not been properly cured, Plaintiff is entitled to an Order from this Court declaring that the Trustee's interest in Property is free and clear of any security interest or claim of lien of Defendant.

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Issue an Order cancelling Title Affidavit; and

b. Issue an Order finding that the Trustee's interest in Property is free and clear of all claims of lien or security in favor of Defendant by virtue of Security Deed or Title Affidavit; and

c. Issue such other and further relief as this Court deems necessary and proper.

Dated: April 15, 2019.

/s/ James C. Overstreet, Jr.
James C. Overstreet, Jr.
Attorney for Plaintiff/Trustee
Georgia Bar No.:  556005

KLOSINSKI OVERSTREET, LLP
1229 Augusta West Parkway
Augusta, Georgia  30909
706-863-2255