## UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| **MARY ALICE SIMMONS,** | ) | |
| | ) | **CH. 7 CASE NO.: 17-bk-11470** |
| Debtor. | ) | **ADVERSARY NO.: 19-ap-01010** |

---

| | | |
|---|---|---|
| **JOSEPH E. MITCHELL, III, TRUSTEE,** | ) | |
| | ) | **ADVERSARY NO.: 19-ap-01010** |
| Plaintiff/Counter-Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **U.S. BANK TRUST, N.A., AS TRUSTEE** | ) | |
| **OF THE IGLOO SERIES III TRUST,** | ) | |
| | ) | |
| Defendant/Counter-Plaintiff. | ) | |

---

| | |
|---|---|
| **U.S. BANK TRUST, N.A., AS TRUSTEE** | ) |
| **OF THE IGLOO SERIES III TRUST,** | ) |
| | ) |
| Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **MARY ALICE SIMMONS,** | ) |
| | ) |
| Third-Party Defendant. | ) |

_____/

## DEFENDANT, U.S. BANK TRUST, N.A., AS TRUSTEE OF THE IGLOO SERIES III TRUST, ANSWER TO DETERMINE EXTENT AND PRIORITY OF LIEN, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND THIRD-PARTY COMPLAINT

Defendant, U.S. Bank Trust, N.A., as Trustee of the Igloo Series III Trust ("U.S. Bank Trust"), files its Answer to Determine Extent and Priority of Lien, Affirmative Defenses, and Third-Party Complaint, and states:

## Jurisdiction and Venue

1.     Admitted, for jurisdictional purposes.

2.     Admitted as to U.S. Bank Trust being subject to the jurisdiction of this Court, denied as to the remainder, as U.S. Bank Trust is a nationally chartered banking association and does not have offices in Ohio.

3.     Admitted, for jurisdictional purposes.

## Facts

4.     Admitted.

5.     Admitted; however, on March 17, 2010, Mary A. Simmons ("Debtor") deeded her individual interest in the Property that is the subject of this action to the 2010 Simmons Family Revocable Trust (the "Trust"), naming herself as Trustee.  As of the date of the Quit Claim Deed, the Trust, not Debtor, became the owner of the property.

6.     Admitted.

7.     Admitted that there is a reference to the State of Virginia on the last page of the Deed to Secure Debt (following the signature page), which is labeled "Legal Description" (the "Legal Description Page"), which states:

> All that certain property situated in the City of Hephzibah in the County of Richmond and State of <u>Virginia</u> and being described in a Deed dated 09/25/1992 and recorded 09/29/1992 in Book 398, Page 2383 among the Land Records of the County and State set forth above.  Parcel ID Number: 353 0 017 00 0.

There is otherwise no recitation or specific reference to the Legal Description Page within the Deed to Secure Debt; however, Page 1 of the Deed to Secure Debt states:

> …Borrower does hereby grant and convey to Lender and Lender's successors and assigns with power of sale the following described Property located in the County of Richmond, State of <u>Georgia</u>: Deed Date: 09/25/92 Recorded: 09/29/92 Book/Inst: 398 Page 2383 Parcel/Tax ID #: 353 0 017 00 0

TWP/BORO: City of Hephzibah which has an address of 4941 McCumbs Rd, Hephzibah, <u>GA</u> 30906 (herein, "Property Address")…

Together with all the improvements now or hereafter erected on the Property, and all easements, rights, appurtenances, and rents, all of which shall be deemed to be and remain a part of the Property covered by this Deed; and all of the foregoing, together with said Property (or the leasehold estate if this Deed is on a leasehold) are hereinafter referred to as the "Property,"

which appears to grant a security interest and lien upon the Property Address described as referenced located in the State of Georgia.

8.    Admitted.

9.    Admitted in part, denied in part. Although recorded on April 16, 2014, the date of execution of the Affidavit in Support of Title (the "Title Affidavit") is set forth as March 31, 2014; U.S. Bank Trust avers that the document speaks for itself.

10.    Admitted, to the extent the language in the Complaint mirrors that of the Title Affidavit; U.S. Bank Trust avers that the document speaks for itself.

11.    Admitted to the extent that Paragraph 8 of the Title Affidavit states "it appears an error was made in the legal description of the Security Deed, such that the legal description refers to the State of Virginia in error." Otherwise, denied, as there does not appear to be a conclusion by the Affiant regarding intent.

12.    U.S. Bank Trust denies that it drafted the Deed to Secure Debt and avers that the document speaks for itself regarding the role of U.S. Bank Trust's predecessors in interest. As to the assertion that neither Debtor or Mr. Simmons had any role in the drafting, without knowledge, therefore denied.

13.    Without knowledge, therefore denied.

14.    Admitted that Mr. Simmons was deceased at the time of execution of the Title Affidavit.  Otherwise, without knowledge, therefore denied.

15.    Without knowledge, therefore denied.

## Count One – Cancellation of Title Affidavit

16.    U.S. Bank Trust fully incorporates its responses to the allegations set forth in Paragraphs 1 through 15 of the Answer, Affirmative Defenses, and Counterclaims as if fully set forth herein.

17.    Without knowledge, therefore denied.

18.    Without knowledge, therefore denied.

19.    Without knowledge, therefore denied.

## Count Two – Determination of Extent and Priority of Lien

20.    U.S. Bank Trust fully incorporates its responses to the allegations set forth in Paragraphs 1 through 19 of the Answer, Affirmative Defenses, and Counterclaims as if fully set forth herein.

21.    Denied.

22.    Without knowledge, therefore denied.

23.    Without knowledge, therefore denied.

## Affirmative Defenses

24.    In order to avoid U.S. Bank Trust's Deed to Secure Debt, the Plaintiff must show that (1) the property description in the Deed to Secure Debt contains at least one sufficient "key" to extrinsic evidence that establishes the exact boundaries of the property at issue; and (2) the Deed to Secure Debt provides constructive notice of the security deed to a bona fide purchaser.  If the answer to both of these questions is yes, the Plaintiff may not avoid U.S. Bank Trust's Deed to Secure Debt. Seterus, Inc. v. Miller (In re Turner), No. 1:15-CV-0359-AT, 2015 U.S. Dist. LEXIS 177170 (N.D. Ga. Dec. 4, 2015).

25.     **Legal Description is Legally Sufficient:** Plaintiff's assertion that U.S. Bank Trust's Deed to Secure Debt is not a valid lien on the Property hinges solely on one error made in one word in the Legal Description[1] on the very last page of the Deed to Secure Debt, despite all other references being correct and/or referencing an instrument that contained the correct description.

26.     A contract's or deed's property description is legally sufficient if its "descriptive averments are certain," or if the contract or deed provides "a key by which the land can be definitely located by the aid of extrinsic evidence." Deaton v. Swanson, 196 Ga. 833, 28 S.E.2d 126, 128 (Ga. 1943). Sometimes, a street address may serve as the sole, adequate key to unlock extrinsic evidence properly identifying the property.  The following are examples:

> a.  Essuon v. Raynor, 231 Ga. 297, 201 S.E.2d 416, 418 (1973), which held that the property description "344 Wilkerson Drive, S.E. Atlanta, Georgia" was an adequate key to the property and that the exact dimensions of the property could be supplied by extrinsic evidence, even though the contract failed to identify the county where the property was located.

> b.  Swan Kang, Inc. v. Kang, 243 Ga. App. 684, 534 S.E.2d 145, 146 (Ga. Ct. App. 2000), which held that the property's postal address was a legally sufficient description because it referred to a definite parcel whose boundaries presumably could be established through extrinsic sources.  The description of the property was "that certain business known as Depot Package Store, located at 4280 Lawrenceville Hwy, N.W., Lilburn, the County of Gwinnett, State of

---

[1] Referencing the State of Virginia instead of the State of Georgia.

Georgia 30247." The contract neither contained nor referenced any tax plat, deed, or other detailed description of the property's boundaries.

c. <u>Deljoo v. SunTrust Mortg., Inc.</u>, 284 Ga. 438, 668 S.E.2d 245 (2008), which held that a duly recorded deed to secure debt on certain real property is within the chain of title, although it contained the incorrect land lot number, but otherwise identified the parcel by reference to a subdivision plat, which provided a key to locating the property.

d. <u>Commodity Credit Corp. v. Wells</u>, 188 Ga. 287, 3 S.E.2d 642 (1939), which held that a "meager" property description was sufficient to provide constructive notice when it referenced another mortgage containing the correct description.

27.    Plaintiff is asking this Court to ignore the multiple "keys" in the Deed to Secure Debt that tend to prove the Legal Description is legally sufficient, rendering the Deed to Secure Debt a valid lien on the Property.  The cases referenced above, among many others, show that U.S. Bank Trust's Deed to Secure Debt contained a sufficient legal description and/or sufficient keys to identify the subject Property, rendering U.S. Bank Trust's lien valid:

a. The Deed to Secure Debt, in and of itself, is recorded in the County of Richmond, State of <u>Georgia</u>, where the subject Property is located and is indexed under both Preston P. Simmons and Mary Simmons;

b. Page 1, which states, "Borrower does hereby grant and convey to Lender and Lender's successors and assigns with power of sale the following described Property located in the County of Richmond, State of <u>Georgia</u>…"

c. Page 1, which further states, "Deed Date: 09/25/92 Recorded: 09/29/92 Book/Inst: 398 Page 2383," which is a reference to the Survivorship Deed dated

September 25, 1992, recorded September 29, 1992 in Deed Book 398, Page 2383, which is recorded in the County of Richmond, State of <u>Georgia</u>;

d. Page 1, which further lists the Parcel/Tax ID # as "Parcel/Tax ID #:353 0 017 00 0," which, if searched in the Richmond County, <u>Georgia</u> Tax Collector's records, is linked to the subject Property;

e. Page 1, which further states, "TWP/BORO" City of Hephzibah," which means "Township/Borough: City of Hephzibah."  If you search for this City in <u>Georgia</u>, it is easily located.  There is no such city in Virginia, or in any other state for that matter;

f. Page 1, which further lists the Property Address as: 4941 McCumbs Rd, Hephzibah, <u>GA</u> 30906.  A simple United States Postal Service search for 4941 McCumbs, Hephzibah, VA provides no results, where a search for 4941 McCumbs, Hephzibah, <u>GA</u>, locates the subject Property;[2] and

g. The Legal Description Page, which contains several of the same recitations as Page 1, except for the error in the state: "All that certain property situated in the City of Hephzibah in the County of Richmond and State of <u>Virginia</u> and being described in a Deed dated 09/25/1992 and recorded 09/29/1992 in Book 398, Page 2383 among the Land Records of the County and State set forth above. Parcel ID Number: 353 0 017 00 0."

Essentially, every single reference on Page 1 of the Deed to Secure Debt and the Legal Description Page leads to the subject Property being located in <u>Georgia</u>, except one reference to the State of

---

[2] The words "Road" and the zip code were purposefully omitted from the search to ensure the most accurate search results.

Virginia.  There is no other property, other than the subject Property, which can be identified by the legal description and "keys" as drafted.

28.     **The Deed to Secure Debt is sufficient to provide constructive notice.** A vague property description in a deed is not a "patent" defect that, in every instance, fails to provide constructive notice to a prospective purchaser. Georgia's "key" rule contemplates that sometimes property descriptions will not be up to snuff, and that courts will occasionally have to rely on outside evidence to assist in determining the complete description. In those instances where a key in a security deed does lead "unerringly" to extrinsic evidence that identifies the property at issue, that key also serves as constructive notice to potential buyers. Seterus, Inc. v. Miller (In re Turner), No. 1:15-CV-0359-AT, 2015 U.S. Dist. LEXIS 177170 (N.D. Ga. Dec. 4, 2015). A purchaser of land in Georgia is charged with notice of every fact shown by the records, and is presumed to know every other fact which an examination suggested by the records would have disclosed. Deljoo v. SunTrust Mortg., Inc., 284 Ga. 438, 668 S.E.2d 245, 246 (2008).

29.     As analyzed in Paragraphs 25 through 27 *supra*, an examination of the Deed to Secure Debt, the Survivorship Deed, the Parcel/Tax ID, the name of the City, and the Property Address lead unerringly to the identity of the subject Property.  Thus, any attempt by Plaintiff's to avoid U.S. Bank Trust's secured interest should be denied.

30.     **Debtor's sworn schedules indicate her intent that U.S. Bank Trust (and its predecessors) hold a valid lien on the subject Property.**  In determining whether Debtor intended that U.S. Bank Trust be a secured creditor, Debtor's bankruptcy filings under her two bankruptcy cases are instructive:

> a.  In Case No. 17-11470-sdb filed on September 29, 2017 in the Southern District of Georgia, Augusta Division, the following filings refer to U.S. Bank Trust's

predecessor as a Secured Creditor, which are sworn as true and correct under penalties of perjury:

    i.  Schedule D: Creditors Who Have Claims Secured by Property lists U.S. Bank Trust's predecessor in Part 2.2 as a secured creditor on the subject Property;

    ii.  Statement of Intention for Individuals Filing Under Chapter 7 lists U.S. Bank Trust's predecessor in Part 1 as a secured creditor to whom she is surrendering the "collateral" which is described as the subject Property.

b.  In Case No. 14-11120-sdb filed on June 25, 2014 in the Southern District of Georgia, Augusta Division, "Schedule D: Creditors Who Have Claims Secured by Property" lists U.S. Bank Trust's predecessor as a secured creditor on the subject Property, which is sworn as true and correct under penalties of perjury.

WHEREFORE, U.S. Bank Trust requests this Court:

a.  Issue an Order that Title Affidavit is a sufficient recitation of facts pertinent to the Deed to Secure Debt made with a proper foundation;

b.  Issue an Order finding that the Deed to Secure Debt, when considered as a whole, along with the "keys" therein, sufficiently describe and identify the Property and the Deed to Secure Debt is thus, a valid security interest on the Property;

c.  Issue an Order finding that U.S. Bank Trust's valid Deed to Secure Debt is a first priority security interest;

d.  Ordering the release of payoff funds collected on behalf of U.S. Bank Trust at the Trustee's sale of the property;

e.  An award of attorneys' fees and costs; and

f.   Grant such other relief as deemed necessary and proper.

## COUNTERCLAIM IN EQUITY FOR
## REFORMATION OF A SECURITY DEED AND OTHER EQUITABLE RELIEF

Counter-Plaintiff, U.S. Bank Trust National Association as Trustee of the Igloo Series III Trust, sues Counter-Defendant, Joseph E. Mitchell, III, Trustee, pursuant to Rules 7001(2), 7001(7), and 7001(9), all of the Federal Rules of Bankruptcy Procedure, and alleges:

### PARTIES, JURISDICTION AND VENUE

1.      This is an action in equity to reform a security deed and declaratory relief on real property (the "Property") located and situated in Richmond County, Georgia.

2.      U.S. Bank Trust National Association is a national banking association organized under the laws of the United States of America, acting as trustee of the Igloo Series III Trust, a Delaware statutory trust ("U.S. Bank Trust").  It owns and holds the promissory note and security deed on real property situated in Richmond County, Georgia, which is the subject of this action, namely 4941 McCombs Road, Hephzibah, GA 30906 (the "Property").

3.      Joseph E. Mitchell, III ("Mr. Mitchell") is the Chapter 7 Trustee appointed to administer the Bankruptcy Estate of Mary Alice Simmons ("Ms. Simmons").

4.      Ms. Simmons commenced a Title 11 proceeding as a Chapter 13 case on September 29, 2017.  The case was converted to a Chapter 7 case on May 28, 2018, at which time Mr. Mitchell was appointed.

5.      On April 15, 2019, Mr. Mitchell commenced an Adversary Proceeding to determine the extent and priority of U.S. Bank Trust's lien derived from a Deed to Secure Debt.

6.      On April 26, 2019, the Property was sold by Joseph E. Mitchell, III, in his capacity as the Chapter 7 Trustee, free and clear of all encumbrances for $114,000.00. The proceeds are currently being held in trust pending a determination of this Court as to the extent and priority of

U.S. Bank Trust's lien.

7.      Mr. Mitchell may be served with the Counterclaim and Summons under Rule 7004(b)(10), F.R.B.P. at P.O. Box 2504, Augusta, GA 30903 or through counsel, James C. Overstreet, Jr., 1229 Augusta West Parkway, Augusta, GA 30909.

8.      The Court has jurisdiction over the subject matter pursuant to 28 U.S.C. § 1334(b), 28 U.S.C. § 151, and 28 U.S.C. § 157(a).

9.      This is a core proceeding under 28 U.S.C. § 157(b)(2)(K).

10.     Venue is proper, pursuant to 28 U.S.C. § 1409(a), as this proceeding arose under a related case which is pending in this Court.

## **STATEMENT OF FACTS**

11.     On May 31, 1990, Preston P. Simmons (Deceased) took title via a Warranty Deed (the "Hildebrant Warranty Deed") to the Property, which is legally described as:

> ALL THAT TRACT OR PARCEL OF LAND, TOGETHER WITH ANY IMPROVEMENTS THEREON, SITUATE, LYING AND BEING IN THE STATE OF GEORGIA, COUNTY OF RICHMOND, CONTAINING 5.0 ACRES, MORE OR LESS, AND FRONTING FOR A DISTANCE OF 401.95 FEET ON AN UNPAVED ROAD KNOWN AS MCCOMBS ROAD. THIS PROPERTY IS MORE PARTICULARLY DESCRIBED AS FOLLOWS: BEGINNING AT AN IRON PIN LOCATED ON THE NORTHERN RIGHT-OF-WAY OF MCCOMBS ROAD WHICH IS 1,404.91 FEET FROM THE WESTERN RIGHT-OF-WAY OF BROOME ROAD AND THENCE EXTENDING S58°43'50"W FOR A DISTANCE OF 401.95 FEET ALONG THE NORTHERN RIGHT-OF-WAY OF MCCOMBS ROAD TO AN IRON PIN; THENCE EXTENDING N02°02'00"W FOR A DISTANCE OF 722.35 FEET TO AN IRON PIN; THENCE EXTENDING N89°08'15"E FOR A DISTANCE OF 350.82 FEET TO AN IRON PIN; THENCE EXTENDING S02°02'00"E FOR A DISTANCE OF 518.87 FEET TO THE POINT OF BEGINNING.
>
> THIS PROPERTY IS MORE PARTICULARLY SHOWN AND DESIGNATED UPON A PLAT PREPARED BY HARBIN & HARBIN DATED MAY 29, 1990 WHICH IS RECORDED CONTEMPORANEOUSLY HEREWITH IN THE OFFICE OF THE CLERK OF THE SUPERIOR COURT, RICHMOND COUNTY, GEORGIA ON REALTY REEL 337, AT PAGE 2345. REFERENCE IS HEREBY MADE TO SAID PLAT FOR A MORE COMPLETE AND

ACCURATE DESCRIPTION OF THE METES, BOUNDS AND LOCATION OF SAID PROPERTY.

THIS BEING A PORTION OF THAT PROPERTY CONVEYED TO EARL L. HILDEBRANT AND JEAN S. HILDEBRANT BY DEED DATED NOVEMBER 1987 WHICH IS RECORDED IN THE AFORESAID CLERK'S OFFICE ON REALTY REEL 276, AT PAGE 572.

(the "Hildebrant Deed Legal Description"). The Property is commonly known as 4941 McCombs Road, Hephzibah, GA 30906. The Hildebrant Warranty Deed was recorded on June 29, 1990 in Realty Reel 337, Page 2343, Richmond County, Georgia Records. A copy of the Hildebrant Warranty Deed is attached as Exhibit "A."

12.     As referenced in the Hildebrant Deed Legal Description, a plat prepared by Harbin & Harbin dated May 29, 1990 (the "Harbin Plat") was recorded contemporaneously with the Hildebrant Warranty Deed on June 29, 1990 in Realty Reel 337, Page 2345, Richmond County, Georgia Records. A copy of the Harbin Plat is attached as Exhibit "B."

13.     On September 25, 1992, Preston P. Simmons (Deceased) executed and delivered a Survivorship Deed to himself and Mary Simmons (collectively, the "Simmonses") as joint tenants with rights of survivorship to the Property, which was recorded on September 29, 1992 in Realty Reel 398, Page 2383, in the Office of the Clerk of Superior Court of Richmond County, Georgia Records. The Survivorship Deed contains the same metes and bounds description as the Hildebrant Warranty Deed. A copy of the Survivorship Deed is attached as Exhibit "C."

14.     Also on June 29, 2005, Preston P. Simmons (Deceased) executed and delivered a Note and the Simmonses executed and delivered a Deed to Secure Debt securing payment of the Note in the amount of $80,504.00 in favor of Wachovia, which encumbers the Property and which is recorded on July 11, 2005 in Deed Book 1000, Page 960, in the Office of the Clerk of Superior Court of Richmond County, Georgia Records. A copy of the Deed to Secure Debt is attached as

Exhibit "D."

15.     The Deed to Secure Debt was intended to convey legal title and a first priority security interest in the Property.  The Deed to Secure Debt contains two legal descriptions:

a. On Page 1 written as: …Borrower does hereby grant and convey to Lender and Lender's successors and assigns with power of sale the following described Property located in the County of Richmond, State of <u>Georgia</u>: Deed Date: 09/25/92 Recorded: 09/29/92 Book/Inst: 398 Page 2383 Parcel/Tax ID #: 353 0 017 00 0 TWP/BORO: City of Hephzibah which has an address of 4941 McCumbs Rd, Hephzibah, <u>GA</u> 30906 (herein, "Property Address");

   Together with all the improvements now or hereafter erected on the Property, and all easements, rights, appurtenances, and rents, all of which shall be deemed to be and remain a part of the Property covered by this Deed; and all of the foregoing, together with said Property (or the leasehold estate if this Deed is on a leasehold) are hereinafter referred to as the "Property;"

b. The last page following the signature block, labeled "Legal Description" (the "Legal Description Page"), which states:
   All that certain property situated in the City of Hephzibah in the County of Richmond and State of <u>Virginia</u> and being described in a Deed dated 09/25/1992 and recorded 09/29/1992 in Book 398, Page 2383 among the Land Records of the County and State set forth above.  Parcel ID Number: 353 0 017 00 0.

16.     The terms of the Deed to Secure Debt secure to the original lender and its successors and assigns, including U.S. Bank Trust, the repayment of the debt evidenced by the Note and the performance of the Simmonses' covenants and agreements under the Deed to Secure Debt and the Note.

17.     On January 19, 2009, Preston P. Simmons died.  A copy of the Death Certificate is attached as Exhibit "E."

18.     On March 17, 2010, Mary Simmons executed and delivered a Quit Claim Deed to herself as Trustee of the 2010 Simmons Family Revocable Trust, which was recorded on March 24, 2010 in Deed Book 1253, Page 1364, in the Office of the Clerk of Superior Court of Richmond County, Georgia Records. A copy of the Quit Claim Deed is attached as Exhibit "F."

19.     Thereafter, Wachovia's interests in the Note and Deed to Secure Debt were assigned and conveyed to U.S. Bank Trust by Wells Fargo Bank, N.A. as successor by merger to Wachovia Bank, N.A., by Assignment executed on September 27, 2017 and recorded on October 6, 2017 in Deed Book 1599, Page 2146, in the Office of the Clerk of Superior Court of Richmond County, Georgia Records. A copy of the Assignment is attached as Exhibit "G."

20.     U.S. Bank Trust is the current owner and holder of the Note and Security Deed.

21.     The loan has been in default since February 17, 2015.

22.     On September 29, 2017, Ms. Simmons commenced a Title 11 proceeding as a Chapter 13 case.  The case was converted to a Chapter 7 case on May 28, 2018.

23.     Also on May 28, 2018, Ms. Simmons elected within her bankruptcy proceedings to surrender the Property to U.S. Bank Trust.

24.     On April 15, 2019, Mr. Mitchell commenced an action as the Chapter 7 Trustee to determine the extent and priority of U.S. Bank Trust's lien.

25.     On April 26, 2019, the Property was sold by Mr. Mitchell, in his capacity as the Chapter 7 Trustee for $114,000.00. The proceeds are currently being held in trust pending a determination of this Court as to the extent and priority of U.S. Bank Trust's lien.

## COUNT I - REFORMATION OF DEED TO SECURE DEBT

26.     This is an action in equity to reform a Deed to Secure Debt on the Property.

27.     U.S. Bank Trust incorporates Paragraphs 1 through 25 above, as though fully set forth herein, along with the content of its Answer and Affirmative Defenses.

28.     Instead of including the full metes and bounds legal description in preparation of the Deed to Secure Debt set forth in the Hildebrant Warranty Deed and Survivorship Deed, a preparer simply referenced the Survivorship Deed and the Parcel/Tax ID number in the portion of

the form designated for the legal description on Page 1 of the Deed to Secure Debt.

29.    Then again on the Legal Description Page, a preparer again simply referenced the Survivorship Deed and the Parcel/Tax ID number, only this time, he/she incorrectly typed the State of <u>Virginia</u> in the description.

30.    Due to inadvertence, mistake, or scrivener's error, the Deed to Secure Debt drafted, executed, and recorded did not fully express the mutual intent of the parties, in that it contained a typo in the legal description.

31.    At the time of execution, Ms. Simmons and U.S. Bank Trust intended that the Deed to Secure Debt encumber the Property.

32.    Reforming the Deed to Secure Debt to correct the inadvertence, mistake, or error of the scrivener is necessary in order to correct the mutual mistake of the parties.

33.    No parties to the Deed to Secure Debt will be prejudiced or harmed if the Deed to Secure Debt is reformed, since Mr. Simmons is deceased and Ms. Simmons has surrendered the Property in the course of her bankruptcy.  In fact, reforming the Deed to Secure Debt will actually carry out Ms. Simmons intent as set forth in her sworn statement of intentions, to surrender the Property to the secured creditor.

34.    U.S. will suffer severe prejudice and harm if the Deed to Secure Debt is not reformed, as it will be treated as an unsecured creditor entitled to a pro rata share of the proceeds recovered by the Trustee, rather than being treated as a secured creditor entitled to a full payoff.

35.    This Court should reform the Deed to Secure Debt to incorporate the Hildebrant Deed Legal Description set forth in Paragraph 11 *supra*, relieving U.S. Bank Trust from the potential avoidance of its secured interest simply because of use of a derivation clause and a typographical error by its predecessor which, without reformation gives an undue advantage to

Ms. Simmons and/or Mr. Mitchell over U.S. Bank Trust in a court of law, pursuant to O.C.G.A. § 23-2-20 and O.C.G.A. § 23-2-25.

36.     The Court should further order the Clerk of Superior Court to record its Order entered in this action on the County deed records and to cross-reference the Order with the Deed to Secure Debt recorded in Deed Book 1000, Page 960, in the Office of the Clerk of Superior Court of Richmond County, Georgia Records.

37.     In the alternative, the Court should declare that the legal description in the Deed to Secure Debt already sufficiently describes the Property.

WHEREFORE, U.S. Bank Trust prays this Court grant the following relief:

A.     An Order in equity reforming the Security Deed recorded in Deed Book 1000, Page 960, in the Office of the Clerk of Superior Court of Richmond County, Georgia Records, to include the legal description that more accurately describes the Property as intended by the parties; OR

B.     An Order declaring that the legal description in the Deed to Secure Debt already sufficiently describes the Property;

C.     An Order requiring the Clerk of Superior Court to record the Order of this Court on the County deed records and to cross-reference the Order with the Deed to Secure Debt recorded in Deed Book 1000, Page 960, in the Office of the Clerk of Superior Court of Richmond County, Georgia Records; and

D.     Such other and further relief as this Court deems equitable, just, and proper.

## COUNT II – DECLARATORY JUDGMENT

38.     This is an action for a declaratory judgment affixing the rights and priority of U.S. Bank Trust pursuant to O.C.G.A. § 9-4-1 *et. seq.*

39.     U.S. Bank Trust incorporates paragraph 1 through 25 and 28 through 37 above, as though fully set forth herein, along with the content of its Answer and Affirmative Defenses.

40.     As set forth above, the Deed to Secure Debt contains a derivation clause and a typographical error which has placed U.S. Bank Trust in a position of uncertainty with respect to its rights, due to the proceeding filed by the Chapter 7 Trustee.

41.     There is an actual controversy of the respective interests in the proceeds derived from the sale of the Property that was intended to be collateral in Deed to Secure Debt held by U.S. Bank Trust and Mr. Mitchell.

42.     U.S. Bank Trust is entitled to a declaration that it has a valid security interest in the Property and that U.S. Bank Trust shall be afforded its rights and status as a secured creditor, including a full payoff of its secured interest, following the sale of the Property that netted more than U.S. Bank Trust's payoff.

WHEREFORE, U.S. Bank Trust, prays this Court grant the following relief:

A.     A declaration that the Deed to Secure Debt encumbered the Property as a first lien;

B.     A declaration that the Deed to Secure Debt is a valid security interest in the Property and that U.S. Bank Trust has all intended rights, including the right to full payoff following the sale by the Chapter 7 Trustee;

C.     An Order requiring the Clerk of Superior Court to record the Order of this Court on the County deed records and to cross-reference the Order with the Deed to Secure Debt recorded in Deed Book 1000, Page 960, in the Office of the Clerk of Superior Court of Richmond County, Georgia Records;

D.     An award of attorneys' fees and costs, if appropriate, and

E.      Such other and further relief as this Court deems equitable, just, and proper.

U.S. Bank Trust, by and through the undersigned attorney, prays this honorable Court grant the above requested relief and such other relief deemed appropriate and just.

## THIRD-PARTY COMPLAINT IN EQUITY FOR
## REFORMATION OF A SECURITY DEED AND OTHER EQUITABLE RELIEF

Third-Party Plaintiff, U.S. Bank Trust National Association as Trustee of the Igloo Series III Trust, sues Third-Party Defendant, Mary Alice Simmons pursuant to Rules 7001(2), 7001(7), and 7001(9), all of the Federal Rules of Bankruptcy Procedure, and alleges:

## PARTIES, JURISDICTION AND VENUE

1.      This is an action in equity to reform a security deed and declaratory relief on real property (the "Property") located and situated in Richmond County, Georgia.

2.      U.S. Bank Trust National Association is a national banking association organized under the laws of the United States of America, acting as trustee of the Igloo Series III Trust, a Delaware statutory trust ("U.S. Bank Trust").  It owns and holds the promissory note and security deed on real property situated in Richmond County, Georgia, which is the subject of this action, namely 4941 McCombs Road, Hephzibah, GA 30906 (the "Property").

3.      Mary Alice Simmons ("Ms. Simmons") is a resident of Georgia who owned the Property until April 26, 2019 and executed the Deed to Secure Debt upon which this action is based.

4.      Ms. Simmons commenced a Title 11 proceeding as a Chapter 13 case on September 29, 2017.  The case was converted to a Chapter 7 case on May 28, 2018.

5.      On April 26, 2019, the Property was sold by Joseph E. Mitchell, III, in his capacity as the Chapter 7 Trustee for $114,000.00 and the proceeds are currently being held in trust pending a determination of this Court as to the extent and priority of U.S. Bank Trust's lien.

6.      Upon information and belief, Ms. Simmons resides in Richmond County, Georgia and may be served with the Third-Party Complaint and Summons under Rule 7004(b)(9), F.R.B.P. at P.O. Box 9831, Augusta, GA 30916-0831

7.      The Court may exercise personal jurisdiction over the Ms. Simmons pursuant to Rule 7004(b)(9), F.R.B.P.

8.      The Court has jurisdiction over the subject matter pursuant to 28 U.S.C. § 1334(b), 28 U.S.C. § 151, and 28 U.S.C. § 157(a).

9.      This is a core proceeding under 28 U.S.C. § 157(b)(2)(K).

10.     Venue is proper, pursuant to 28 U.S.C. § 1409(a), as this proceeding arose under a related case which is pending in this Court.

## STATEMENT OF FACTS

12.     On May 31, 1990, Preston P. Simmons (Deceased) took title via a Warranty Deed (the "Hildebrant Warranty Deed") to the Property, which is legally described as:

ALL THAT TRACT OR PARCEL OF LAND, TOGETHER WITH ANY IMPROVEMENTS THEREON, SITUATE, LYING AND BEING IN THE STATE OF GEORGIA, COUNTY OF RICHMOND, CONTAINING 5.0 ACRES, MORE OR LESS, AND FRONTING FOR A DISTANCE OF 401.95 FEET ON AN UNPAVED ROAD KNOWN AS MCCOMBS ROAD. THIS PROPERTY IS MORE PARTICULARLY DESCRIBED AS FOLLOWS: BEGINNING AT AN IRON PIN LOCATED ON THE NORTHERN RIGHT-OF-WAY OF MCCOMBS ROAD WHICH IS 1,404.91 FEET FROM THE WESTERN RIGHT-OF-WAY OF BROOME ROAD AND THENCE EXTENDING S58°43'50"W FOR A DISTANCE OF 401.95 FEET ALONG THE NORTHERN RIGHT-OF-WAY OF MCCOMBS ROAD TO AN IRON PIN; THENCE EXTENDING N02°02'00"W FOR A DISTANCE OF 722.35 FEET TO AN IRON PIN; THENCE EXTENDING N89°08'15"E FOR A DISTANCE OF 350.82 FEET TO AN IRON PIN; THENCE EXTENDING S02°02'00"E FOR A DISTANCE OF 518.87 FEET TO THE POINT OF BEGINNING.

THIS PROPERTY IS MORE PARTICULARLY SHOWN AND DESIGNATED UPON A PLAT PREPARED BY HARBIN & HARBIN DATED MAY 29, 1990 WHICH IS RECORDED CONTEMPORANEOUSLY HEREWITH IN THE OFFICE OF THE CLERK OF THE SUPERIOR COURT, RICHMOND

COUNTY, GEORGIA ON REALTY REEL 337, AT PAGE 2345. REFERENCE IS HEREBY MADE TO SAID PLAT FOR A MORE COMPLETE AND ACCURATE DESCRIPTION OF THE METES, BOUNDS AND LOCATION OF SAID PROPERTY.

THIS BEING A PORTION OF THAT PROPERTY CONVEYED TO EARL L. HILDEBRANT AND JEAN S. HILDEBRANT BY DEED DATED NOVEMBER 1987 WHICH IS RECORDED IN THE AFORESAID CLERK'S OFFICE ON REALTY REEL 276, AT PAGE 572.

(the "Hildebrant Deed Legal Description"). The Property is commonly known as 4941 McCombs Road, Hephzibah, GA 30906. The Hildebrant Warranty Deed was recorded on June 29, 1990 in Realty Reel 337, Page 2343, Richmond County, Georgia Records. A copy of the Hildebrant Warranty Deed is attached as Exhibit "A."

13.     As referenced in the Hildebrant Deed Legal Description, a plat prepared by Harbin & Harbin dated May 29, 1990 (the "Harbin Plat") was recorded contemporaneously with the Hildebrant Warranty Deed on June 29, 1990 in Realty Reel 337, Page 2345, Richmond County, Georgia Records. A copy of the Harbin Plat is attached as Exhibit "B."

14.     On September 25, 1992, Preston P. Simmons (Deceased) executed and delivered a Survivorship Deed to himself and Mary Simmons (collectively, the "Simmonses") as joint tenants with rights of survivorship to the Property, which was recorded on September 29, 1992 in Realty Reel 398, Page 2383, in the Office of the Clerk of Superior Court of Richmond County, Georgia Records. The Survivorship Deed contains the same metes and bounds description as the Hildebrant Warranty Deed. A copy of the Survivorship Deed is attached as Exhibit "C."

15.     Also on June 29, 2005, Preston P. Simmons executed and delivered a Note and the Simmonses executed and delivered a Deed to Secure Debt securing payment of the Note in the amount of $80,504.00 in favor of Wachovia, which encumbers the Property and which is recorded on July 11, 2005 in Deed Book 1000, Page 960, in the Office of the Clerk of Superior Court of

Richmond County, Georgia Records. A copy of the Deed to Secure Debt is attached as Exhibit "D."

16.　　The Deed to Secure Debt was intended to convey legal title and a first priority security interest in the Property.  The Deed to Secure Debt contains two legal descriptions:

a.　On Page 1 written as: …Borrower does hereby grant and convey to Lender and Lender's successors and assigns with power of sale the following described Property located in the County of Richmond, State of <u>Georgia</u>: Deed Date: 09/25/92 Recorded: 09/29/92 Book/Inst: 398 Page 2383 Parcel/Tax ID #: 353 0 017 00 0 TWP/BORO: City of Hephzibah which has an address of 4941 McCumbs Rd, Hephzibah, <u>GA</u> 30906 (herein, "Property Address");

Together with all the improvements now or hereafter erected on the Property, and all easements, rights, appurtenances, and rents, all of which shall be deemed to be and remain a part of the Property covered by this Deed; and all of the foregoing, together with said Property (or the leasehold estate if this Deed is on a leasehold) are hereinafter referred to as the "Property;"

b.　The last page following the signature block, labeled "Legal Description" (the "Legal Description Page"), which states:
All that certain property situated in the City of Hephzibah in the County of Richmond and State of <u>Virginia</u> and being described in a Deed dated 09/25/1992 and recorded 09/29/1992 in Book 398, Page 2383 among the Land Records of the County and State set forth above.  Parcel ID Number: 353 0 017 00 0.

17.　　The terms of the Deed to Secure Debt secure to the original lender and its successors and assigns, including U.S. Bank Trust, the repayment of the debt evidenced by the Note and the performance of the Simmonses' covenants and agreements under the Deed to Secure Debt and the Note.

18.　　On January 19, 2009, Preston P. Simmons died.  A copy of the Death Certificate is attached as Exhibit "E."

19.　　On March 17, 2010, Ms. Simmons executed and delivered a Quit Claim Deed to herself as Trustee of the 2010 Simmons Family Revocable Trust, which was recorded on March 24, 2010 in Deed Book 1253, Page 1364, in the Office of the Clerk of Superior Court of Richmond

County, Georgia Records. A copy of the Quit Claim Deed is attached as Exhibit "F."

20.    Thereafter, Wachovia's interests in the Note and Deed to Secure Debt were assigned and conveyed to U.S. Bank Trust by Wells Fargo Bank, N.A. as successor by merger to Wachovia Bank, N.A., by Assignment executed on September 27, 2017 and recorded on October 6, 2017 in Deed Book 1599, Page 2146, in the Office of the Clerk of Superior Court of Richmond County, Georgia Records. A copy of the Assignment is attached as Exhibit "G."

21.    U.S. Bank Trust is the current owner and holder of the Note and Security Deed.

22.    The loan has been in default since February 17, 2015.

23.    On September 29, 2017, Ms. Simmons commenced a Title 11 proceeding as a Chapter 13 case.  The case was converted to a Chapter 7 case on May 28, 2018.

24.    Also on May 28, 2018, Ms. Simmons elected within her bankruptcy proceedings to surrender the Property to U.S. Bank Trust.

25.    On April 15, 2019, the Chapter 7 Trustee, Joseph E. Mitchell, III ("Mr. Mitchell") commenced an action through counsel to determine the extent and priority of U.S. Bank Trust's lien.

26.    On April 26, 2019, the Property was sold by Mr. Mitchell in his capacity as the Chapter 7 Trustee for $114,000.00. The proceeds are currently being held in trust pending a determination of this Court as to the extent and priority of U.S. Bank Trust's lien.

## COUNT I - REFORMATION OF DEED TO SECURE DEBT

27.    This is an action in equity to reform a Deed to Secure Debt on the Property.

28.    U.S. Bank Trust incorporates paragraph 1 through 26 of the Third-Party Complaint, as though fully set forth herein, along with the content of its Answer and Affirmative Defenses.

29.    Instead of including the full metes and bounds legal description in preparation of

the Deed to Secure Debt set forth in the Hildebrant Warranty Deed and Survivorship Deed, the preparer simply referenced the Survivorship Deed and the Parcel/Tax ID number in the portion of the form designated for the legal description on Page 1 of the Deed to Secure Debt.

30.     Then again on the Legal Description Page, a preparer again simply referenced the Survivorship Deed and the Parcel/Tax ID number, only this time, he/she incorrectly typed the State of <u>Virginia</u> in the description.

31.     Due to inadvertence, mistake, or scrivener's error, the Deed to Secure Debt drafted, executed, and recorded did not fully express the mutual intent of the parties, in that it contained a typographical error in the legal description.

32.     At the time of execution, U.S. Bank Trust and Ms. Simmons intended that the Deed to Secure Debt encumber the Property.

33.     Reforming the Deed to Secure Debt to correct the inadvertence, mistake, or error of the scrivener is necessary in order to correct the mutual mistake of the parties.

34.     No parties to the Deed to Secure Debt will be prejudiced or harmed if the Deed to Secure Debt is reformed, since Mr. Simmons is deceased and Ms. Simmons has surrendered the Property in the course of her bankruptcy.  In fact, reforming the Deed to Secure Debt will actually carry out Ms. Simmons intent as set forth in her sworn statement of intentions, to surrender the Property to the secured creditor.

35.     U.S. Bank Trust will suffer severe prejudice and harm if the Deed to Secure Debt is not reformed, as it will be treated as an unsecured creditor entitled to a pro rata share of the proceeds recovered by the Trustee, rather than being treated as a secured creditor entitled to a full payoff.

36.     This Court should reform the Deed to Secure Debt to incorporate the Hildebrant

Deed Legal Description set forth in Paragraph 11 *supra*, relieving U.S. Bank Trust from the potential avoidance of its secured interest simply because of use of a derivation clause and a typographical error by its predecessor which, without reformation gives an undue advantage to Ms. Simmons and Mr. Mitchell over U.S. Bank Trust in a court of law, pursuant to O.C.G.A. § 23-2-20 and O.C.G.A. § 23-2-25.

37.     The Court should further order the Clerk of Superior Court to record its Order entered in this action on the County deed records and to cross-reference the Order with the Deed to Secure Debt recorded in Deed Book 1000, Page 960, in the Office of the Clerk of Superior Court of Richmond County, Georgia Records.

38.     In the alternative, the Court should declare that the legal description in the Deed to Secure Debt already sufficiently describes the Property.

WHEREFORE, U.S. Bank Trust prays this Court grant the following relief:

E.     An Order in equity reforming the Security Deed recorded in Deed Book 1000, Page 960, in the Office of the Clerk of Superior Court of Richmond County, Georgia Records, to include the legal description that more accurately describes the Property as intended by the parties; OR

F.     An Order declaring that the legal description in the Deed to Secure Debt already sufficiently describes the Property;

G.     An Order requiring the Clerk of Superior Court to record the Order of this Court on the County deed records and to cross-reference the Order with the Deed to Secure Debt recorded in Deed Book 1000, Page 960, in the Office of the Clerk of Superior Court of Richmond County, Georgia Records; and

H.     Such other and further relief as this Court deems equitable, just, and proper.

## COUNT II – DECLARATORY JUDGMENT

39.     This is an action for a declaratory judgment affixing the rights and priority of U.S. Bank Trust pursuant to O.C.G.A. § 9-4-1 *et. seq*.

40.     U.S. Bank Trust incorporates paragraph 1 through 26 and 29 through 38 of the Third-Party Complaint, as though fully set forth herein, along with the content of its Answer and Affirmative Defenses.

41.     As set forth above, the Deed to Secure Debt contains a derivation clause and a typo which has placed U.S. Bank Trust in a position of uncertainty with respect to its rights, due to the proceeding filed by Mr. Mitchell.

42.     There is an actual controversy of the respective interests in the proceeds derived from the sale of the Property that was intended to be collateral in Deed to Secure Debt held by U.S. Bank Trust and Ms. Simmons.

43.     U.S. Bank Trust is entitled to a declaration that it has a valid security interest in the Property and that U.S. Bank Trust shall be afforded its rights and status as a secured creditor, including a full payoff of its secured interest, following the sale of the Property that netted more than U.S. Bank Trust's payoff.

WHEREFORE, U.S. Bank Trust prays this Court grant the following relief:

F.     A declaration that the Deed to Secure Debt encumbered the Property as a first lien;

G.     A declaration that the Deed to Secure Debt is a valid security interest in the Property and that U.S. Bank Trust has all intended rights, including the right to full payoff following the sale by the Chapter 7 Trustee;

H.     An Order requiring the Clerk of Superior Court to record the Order of this Court

on the County deed records and to cross-reference the Order with the Deed to Secure Debt recorded in Deed Book 1000, Page 960, in the Office of the Clerk of Superior Court of Richmond County, Georgia Records;

I.      An award of attorneys' fees and costs, if appropriate, and

J.      Such other and further relief as this Court deems equitable, just, and proper.

U.S. Bank Trust, by and through the undersigned attorney, prays this honorable Court grant the above requested relief and such other relief deemed appropriate and just.

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that a true and correct copy of the foregoing Answer, Affirmative Defenses, Counterclaims, and Third-Party Complaint was provided by electronic and/or standard first class mail this 31st day of July, 2019 to the parties on the below service list.

Bowen Quinn, P.A.
25400 US Hwy 19 N, Suite 150
Clearwater, FL 33763
Phone: 727-474-9603
Fax: 727-474-9583
eservice@bowenquinn.com

By:___/s/ Erin M. Rose Quinn_____
Erin M. Rose Quinn, Esq.
Georgia Bar Number 547833

## <u>SERVICE LIST</u>

James C. Overstreet, Jr., Esq.
1229 Augusta West Parkway
Augusta, GA 30909
jco@klosinski.com
Attorney for the Chapter 7 Trustee

Mary Alice Simmons
P.O. Box 9831
Augusta, GA 30916

Matthew James Duncan, Esq.
2608 Commons Blvd., Suite  A
Augusta, GA 30909
office@duncanbrow.com
Attorney for Mary Alice Simmons

Office of the U.S. Trustee
Johnson Square Business Center
2 East Bryan Street, Ste. 725
Savannah, GA  31401
ustpregion21.sv.ecf@usdoj.gov